Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| DALIA VÁZQUEZ AGUIÑAGA | | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón |
|---|---|---|
| Demandante-Recurrida | TA2026CE00425 | |
| Vs. | | Caso Núm. BY2025CV03396 |
| DE HOLDINGS, LLC | | Sala: 505 |
| Demandado-Peticionario | | Sobre: PETICIÓN DE ORDEN |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de mayo de 2026.

Comparece la parte peticionaria, DE Holding, LLC, solicita la revisión de la *Orden* emitida y notificada el 6 de abril de 2026 que, impidió al peticionario presentar cierta prueba en apoyo a la moción de relevo de sentencia promovida por el peticionario. La parte peticionaria acompañó una moción en auxilio de jurisdicción la cual declaramos ha lugar.

Por los fundamentos dispuestos en esa resolución, expedimos el recurso solicitado y revocamos la *Orden* del 6 de abril de 2026.

*-I-*

En el contexto del trámite *post* sentencia del caso la parte peticionaria solicitó al tribunal el relevo de la sentencia emitida y notificada en el caso. Previo a la sentencia, y durante el trámite del pleito, el foro primario anotó la rebeldía al peticionario por su incomparecencia el pleito. En su escrito de relevo de sentencia el peticionario alegó no haber sido emplazado conforme a derecho, y

solicitó una vista evidenciaria para demostrar su postulado al foro primario. Añadió que, debido a la falta de emplazamiento: "DE HOLDINGS LLC únicamente tuvo conocimiento real de la existencia del caso al recibir copia de la referida Sentencia final, lo que ocurrió después de dictada la misma".

En atención a la solicitud del peticionario el 9 de marzo de 2026, el foro primario señaló una vista evidenciaria para el 7 de abril de 2026 en torno al relevo de sentencia solicitado. En el dictamen interlocutorio el foro de primera instancia concedió cinco días a las partes para "intercambiar los nombres de los testigos, el alcance de su testimonio y la prueba documental que se proponen presentar en la Vista". En la orden, el foro primario expresó claramente que "[n]o se permitirá la presentación de prueba que no se haya anunciado conforme a esta orden". El 18 de marzo de 2026, la parte peticionaria presentó *Moción en Cumplimiento de Orden*, informó al foro de primera instancia haber notificado a la parte recurrida la prueba documental, testifical y el alcance de la prueba testimonial a utilizar en la vista señalada. En igual fecha la parte recurrida solicitó al tribunal la "descalificación" de la prueba informada por la parte peticionaria porque el plazo concedido había culminado el 16 de marzo de 2026. Al día siguiente el foro primario ordenó al peticionario a presentar su posición sobre el asunto en un término de 10 días. El plazo otorgado por el tribunal expiró sin la comparecencia escrita de la parte peticionaria.

El 1 de abril de 2026, la parte recurrida informó el incumplimiento de la parte peticionaria con la orden del 9 de marzo de 2026 y la del 17 de marzo de 2026. El 6 de abril de 2026 el foro recurrido notificó una orden en la cual dispuso "Conforme a la orden emitida, no se permitirá la presentación de prueba que no fuera anunciada en el término provisto. No obstante, se mantiene en vigor la vista evidenciaria según pautada". El día de la vista

anunciada, solamente compareció la parte peticionaria, la parte recurrida no compareció y tampoco presentó excusa por su incomparecencia. El tribunal decidió no continuar la vista con la única comparecencia de la parte peticionaria, pero reiteró que, no permitiría el uso de prueba notificada fuera del tiempo provisto en la orden del 9 de marzo de 2026. Empero, conforme a la *minuta* de la vista de 7 de abril de 2026, la parte peticionaria expuso "que el Tribunal le está penalizando por presentar tarde por dos (2) días la prueba y a su vez, solicita que se reconsidere la orden del 6 de abril de 2026. El Tribunal le indicó que debía presentar sus solicitudes por escrito". Inconforme, la parte peticionaria comparece y señala los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DEJAR SIN EFECTO LA SENTENCIA EN REBELDÍA DICTADA SIN JURISDICCIÓN PERSONAL SOBRE EL DEMANDADO.

> ERRÓ EL TRIBUNAL AL NO RECONOCER LA VIOLACIÓN AL DEBIDO PROCESO DE LEY AL DICTAR SENTENCIA SIN NOTIFICACIÓN ADECUADA NI OPORTUNIDAD DE SER OÍDO.

> ERRÓ EL TRIBUNAL AL EXCLUIR LA PRUEBA DEL DEMANDADO MEDIANTE UNA SANCIÓN DESPROPORCIONADA E INJUSTIFICADA.

> ERRÓ EL TRIBUNAL AL ACTUAR DE FORMA ARBITRARIA Y DESIGUAL EN LA IMPOSICIÓN DE SANCIONES PROCESALES.

> ERRÓ EL TRIBUNAL AL PERMITIR QUE SE FRUSTRARA LA VISTA EVIDENCIARIA QUE ÉL MISMO HABÍA ORDENADO COMO NECESARIA

> ERRÓ EL TRIBUNAL AL DENEGAR — EXPRESA O IMPLÍCITAMENTE— EL RELEVO DE SENTENCIA BAJO LA REGLA 49.2 SIN UNA ADJUDICACIÓN EN LOS MÉRITOS

> ERRÓ EL TRIBUNAL AL VALIDAR UNA SENTENCIA EN REBELDÍA QUE IMPONE UN INTERDICTO PERMANENTE SIN GARANTÍAS PROCESALES MÍNIMAS

> ERRÓ EL TRIBUNAL AL NO EJERCER SU DISCRECIÓN CONFORME A LOS PRINCIPIOS DE JUSTICIA Y EQUIDAD PROCESAL.

El término reglamentario para la comparecencia de la parte recurrida expiró, y no presentó su alegato en oposición. Por tanto, procedemos a disponer del presente recurso sin el beneficio de su comparecencia.

-*II*-

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -III-

A lo largo de la existencia del ordenamiento procesal civil en nuestra jurisdicción, los tribunales han estado facultados para imponer sanciones a aquella parte que incumpla una orden del tribunal. *HRS Erase v. CMT*, 205 DPR 689, 699 (2020). Las sanciones son un mecanismo procesal que, permite a los tribunales imponer su jurisdicción, autoridad y pronunciamientos. *In re Collazo I*, 159 DPR 141, 150 (2003); E.*L.A. v. Aso. de Auditores*, 147 DPR 669, 681 (1999); *Pérez Pascual v. Vega Rodríguez*, 124 DPR 529, 535 (1989); *Sterzinger v. Ramírez*, 116 DPR 762, 787 (1985). Tienen el objetivo de incitar la diligencia procesal en las partes con el fin de alcanzar una solución justa, rápida y económica en los casos, y la solución en los méritos de las controversias judiciales. *Valentín v. Mun. de Añasco*, 145 DPR 887, 896 (1998); *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1051-1052 (1993). En ese sentido, el poder inherente de los tribunales para imponer sanciones permite escoger la sanción y ajustarla a los hechos, a la causa de acción y al propósito que persiga. *Pagán Rodríguez v. Pres. Cáms. Legs.*, 206 DPR 277, 288 (2021).

En el presente caso, es razonable concluir que, la controversia sobre el diligenciamiento del emplazamiento no puede resolverse en ausencia de la evidencia excluida. Sin embargo, la parte peticionaria incumplió con la orden del tribunal al anunciar la prueba para la vista evidenciaria en torno a la falta de diligenciamiento con un retraso de dos días. Como sanción el foro primario excluyó la prueba anunciada. La vista evidenciaria sobre la petición de relevo de sentencia promovida por la parte

peticionaria todavía está pendiente. El asunto versa sobre la posible nulidad de la sentencia dictada por falta de jurisdicción sobre la parte peticionaria. Una sentencia se considera nula **cuando el tribunal actuó sin jurisdicción** o cuando se quebrantó el debido proceso de ley de alguna de las partes. *García Colón et al. v. Sucn. González,* 178 DPR 527, 543 (2010); *Figueroa v. Banco de San Juan,* 108 DPR 680, 688 (1979). "[C]uando una sentencia es nula, se tiene por inexistente, por lo que no surte efecto alguno". *López García v. López García,* 200 DPR 50, 62 (2018).

Al interpretar las Reglas de Procedimiento Civil hay que tener presente, que estas solo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal debe hacer un balance equitativo entre los intereses en conflicto con especial cuidado al interpretar y aplicar las reglas procesales para garantizar una solución justa, rápida y económica de la controversia. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V; *García Negrón v. Tribunal Superior,* 104 DPR 727, 729 (1976). El propósito de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, es proveer un justo balance entre dos intereses en conflicto. Por un lado, el principio de resolver todo caso justamente, del otro lado el interés de concluir un litigio. *García Colón et al. v. Sucn. González, supra,* pág. 540; *Náter v. Ramos,* 162 DPR 616, 624 (2004). La regla debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia". *Díaz v. Tribunal Superior,* 93 DPR 79, 87 (1966).

Impedir que, la parte peticionaria presente prueba sobre su reclamo de falta de jurisdicción le priva de su día en corte para establecer la legitimidad y el mérito de su defensa, lo cual solamente debe hacerse en casos tan extremos que no haya duda

de la irresponsabilidad o contumacia de la parte contra quien se toman medidas drásticas. *Acevedo v. Compañía Telefónica de P.R.,* 102 DPR 787, 791 (1974). Inclusive, cuando un tribunal determina que, una situación creada por un abogado amerita la imposición de sanciones, antes de privar a una parte de su día en corte, debe imponer la sanción al abogado como primera alternativa. *Dávila v. Hosp. San Miguel, Inc.,* 117 D.P.R. 807, 814 (1986). El fundamento para no imponer sanciones drásticas al cliente es que, de "ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios". *Ramírez de Arellano v. Srio. de Hacienda,* 85 DPR 823, 830 (1962). En consecuencia, para proteger a la parte de las actuaciones negligentes de su abogado o abogada, el tribunal debe tomar ciertos pasos para garantizar que, la parte propiamente conozca los incidentes procesales de su causa de acción para así tomar acciones correctivas. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* 205 DPR 689, 702-703 (2020). No debemos perder de vista que, la sanción impuesta por el foro primario ha tenido el efecto directo de privar a la parte peticionaria de su día en corte, de probar sus alegaciones en torno a la falta de jurisdicción sobre su persona, e impedir la adjudicación en los méritos de la controversia jurisdiccional. Bajo estas circunstancias, la actuación del Tribunal de Primera Instancia no puede sostenerse, debió primero imponer una sanción al representante legal de la parte peticionaria

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos expedir el auto solicitado y revocar la *Orden* del 6 de abril de 2026.

### -*IV*-

Por los fundamentos antes expuestos, los cuales hacemos formar partes de este dictamen, *expedimos* el auto solicitado, *revocamos* la *Orden* del 6 de abril de 2026, y *ordenamos* la

continuación de los procedimientos de forma compatible con esta sentencia. El Tribunal de Primera Instancia puede continuar el procedimiento sin necesidad de espera por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones